UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/12
```

JOHN R. ERNST,

                              Plaintiff,

              - against -

GATEWAY PLAZA MANAGEMENT CORP., et al.,

                              Defendants.

**REPORT AND
RECOMMENDATION**

11 Civ. 1169 (PAC) (RLE)

**To the HONORABLE PAUL A. CROTTY:**

## I. INTRODUCTION

On June 16, 2011, *pro se* Plaintiff John Ernst filed an Amended Complaint alleging several violations of federal and state disability laws.  Pending before the Court is Gateway Plaza Management Corporation and Marina Towers Associated, L.P.,'s ("Defendants") Motion to Dismiss the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

For the reasons set forth below, I recommend that Defendants' Motion to Dismiss be **GRANTED**.

## II. BACKGROUND

John Ernst is a wheelchair-bound tenant of the Gateway Plaza, an apartment complex owned and managed by Defendants.  He claims to have lived in the complex since 2005. (Pls.' First Amended Complaint ("Am. Compl.") ¶ 1, Doc. No. 22.)  Ernst alleges that various areas of the complex, including the apartment pool and exterior and interior lobby areas, are inaccessible to him because of his disability.  Further, he is unable to freely access all areas of his apartment,

including the kitchen and the bathroom. (Am. Compl. ¶¶ 2-6.) Despite repeated complaints and

discussions with Defendants, Ernst alleges that few improvements have taken place. (Id. ¶ 6.)

Ernst[1] filed an initial complaint on February 14, 2011, and later filed an Amended

Complaint on June 16, 2011, alleging violations of Section 504 of the Rehabilitation Act, 42

U.S.C. §§ 1983 and 1985, and the Fifth and Fourteenth Amendments of the United States

Constitution. U.S.C. § 794(a); 42 U.S.C. §§ 1983 and 1985. (Id. ¶ 9.) The Amended Complaint

also alleged violations of Title VI of the Civil Rights Act of 1964, Title VIII of the Civil Rights

Act of 1968 ("Fair Housing Act"), and "state and/or local statutes and ordinances, public policy

and other claims under the United States or New York Constitutions." (Id.) Ernst requested leave

to file a Second Amended Complaint on September 29, 2011, and submitted a proposed Second

Amended Complaint (Doc. No. 40; Pl.'s Second Amended Complaint, ("Second Am. Compl."),

Doc. No. 43.) on November 1, 2011.[2] Ernst made additional claims in the Second Amended

Complaint, including violations of Title II of the Americans with Disabilities Act, 42 U.S.C. §

12101 ("ADA") and various New York City laws.

---

[1] The original plaintiffs in this action were John Ernst and his brother, Thomas Ernst. Thomas Ernst was terminated from the action on June 16, 2011, but has had continued involvement in the case. (Doc. No. 22.)

[2] Ernst made various other filings to the Court. First, attached to the June 16, 2011 First Amended Complaint was a Motion for Preliminary Injunction or Temporary Restraining Order ("TRO") along with supporting affidavits and exhibits (Doc. Nos. 21-22.) On September 14, 2011, Ernst filed an unsigned "Order to Show Cause," requesting a Preliminary Injunction or TRO. (Doc. No. 35.) On November 29, 2011, Ernst submitted a "Motion for Declaratory Judgment Re Tax Aspects of TRO Request." (Doc. No. 49.) The Court held a hearing on November 14, 2011, on the TRO and Preliminary Injunction. The Court noted during the hearing that, because Ernst repeatedly requested adjournment of the hearing, he was implicitly indicating that a TRO was unwarranted. Further, the Court noted Ernst likely did not meet the minimum requirements of a preliminary injunction. (Tr. of Nov. 14, 2011 Hearing.)

Defendants moved to dismiss the Amended Complaint on August 12, 2011, for lack of subject matter jurisdiction and failure to state a claim upon which relief might be granted.[3] (Defs.' Mem. in Supp. of Mot. to Dismiss Am. Compl. ("Def. Mem."), Doc. Nos. 30-32.) Defendants later opposed the Plaintiff's Motion for Leave to File a Second Amended Complaint, and submitted additional support for the August 12, 2011 Motion to Dismiss (Doc. No. 47.) Ernst later filed affidavits in opposition to Defendants' Motion to Dismiss.  (Doc. Nos. 42, 44, 46.)

## III. DISCUSSION

### A.  Standard of Review for Dismissal Under 12(b)(1)

In considering a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must assume as true the factual allegations in the complaint. *Shipping Fin. Serv. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir. 1998) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).  In deciding jurisdictional issues, the court may rely on affidavits and other evidence outside the pleadings. *Filetech S.A. v. France Telecom, S.A.,* 157 F.3d 922, 932 (2d Cir. 1998) (citing *Antares Aircraft, L.P. v. Fed. Republic of Nigeria,* 948 F.2d 90, 96 (2d Cir. 1991), *vacated on other grounds,* 505 U.S. 1215 (1992)).  A dismissal under Rule 12(b)(1) is proper when a plaintiff's federal claim is "so insubstantial, implausible . . . or otherwise devoid of merit as not to involve a federal controversy." *Town of West Hartford v. Operation Rescue,* 915 F.2d 92, 100 (2d Cir. 1990) (quoting *Oneida Nation v. County of Oneida,* 414 U.S. 661, 666 (1974)); *see also*

---

[3] Defendants also move to dismiss for failure to state a claim against individual named defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6).  In most cases, the court will consider a 12(b)(1) motion before ruling on any other bases for dismissal, since dismissal of an action for lack of subject matter jurisdiction will render all other accompanying defenses and motions moot. *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n,* 896 F.2d 674, 678 (2d Cir.1990) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R.MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 (1969)).  Because this Report and Recommendation recommends dismissal for lack of subject matter jurisdiction, the 12(b)(6) motion as to the individual Defendants is moot.

*AVC Nederland B.V. v. Atrium Inv. P'ship,* 740 F.2d 148, 152-53 (2d Cir. 1984) ("[W]hen the contested basis of federal jurisdiction is also an element of plaintiff's asserted federal claim, the claim should not be dismissed for want of jurisdiction except when it 'appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'") (quoting *Bell v. Hood,* 327 U.S. 678, 682-83 (1946)).

## B. Ernst's Claims

For purposes of this Report and Recommendation, the Court will consider Ernst's Amended Complaint and the affidavits filed in opposition to the Motion to Dismiss, and also consider the proposed claims in the Second Amended Complaint. Even if the Court were to give leave to file the Second Amended Complaint, however, the additional claims would not survive Defendants' Motion to Dismiss. For the reasons below, I recommend the Motion to Dismiss the Amended Complaint be **GRANTED**.

### 1. This Court Lacks Subject Matter Jurisdiction Over Ernst's Federal Law Claims.

#### a. Section 504 Claim

Ernst contends that Defendants have failed to make "reasonable accommodations" to freely access the facilities at Gateway Plaza, including accessible doors, floors, and guard rails. (Am. Compl. ¶¶ 1, 4.) Ernst asserts these constitute violations of Section 504 of the Rehabilitation Act and, due to the alleged discriminatory conduct, argues that Defendants have also violated 42 U.S.C. §§ 1983 and 1985, as well as the Fifth and Fourteenth Amendments of the United States Constitution.

While it is true that Section 504 of the Rehabilitation Act protects individuals with disabilities from discrimination, the statute applies only to a "program or activity receiving

4

Federal financial assistance." 29 U.S.C. § 794(a). Defendants do not receive federal financial assistance. (*See* Def. Mem., Ex. B, Decl. of Judy Wortsmann.) This Court therefore does not have subject matter jurisdiction over the Section 504 claim, and therefore does not also have jurisdiction over the related § 1985, § 1985, and constitutional claims. I recommend that Defendants' Motion to Dismiss these claims for lack of subject matter jurisdiction be **GRANTED**.

       *b.  Title VI of Civil Rights Act Claim*

       Title VI of the Civil Rights Act of 1964 prohibits discrimination on the basis of race, color, or national origin. 42 U.S.C. § 2000d. The statute applies only to "any program or activity receiving Federal financial assistance." *Id.* As noted above, Defendants do not receive federal financial assistance. Further, Ernst has brought claims of discrimination based "solely on the basis of his disability and handicap," (Am. Compl. ¶ 7.), and Title VI is inapplicable to discrimination based solely on disability. The Court therefore does not have subject matter jurisdiction over this claim. I recommend that the Defendants' Motion to Dismiss the Title VI claim for lack of subject matter jurisdiction be **GRANTED**.

       *c.  Title VIII of Civil Rights Act (Fair Housing Act) Claim*

       Ernst claims that Defendants "discriminated against him by their [d]enial of equal access to Defendants' bathrooms, kitchens and kitchen cabinets." (Second Am. Compl. at 4.) He asserts this constitutes a violation of the accessibility requirements of Title VIII of the Civil Rights Act of 1968 ("Fair Housing Act"), which mandates that buildings that are ready for first occupancy after March 13, 1991, must make public areas of the building accessible to all tenants. 42 U.S.C. § 3604(f)(3)(C). The Court also construes Ernst's claim to refer to the Fair Housing Act's reasonable accommodations provision, 42 U.S.C. § 3604(f)(3)(A), which prohibits a landlord

from disallowing a disabled person to make "reasonable modifications" to the dwelling, at the disabled individual's expense, when the modifications may further the tenant's "full enjoyment of the premises." *Id.*

Here, the Gateway Plaza complex was available for first occupancy in 1982, and the first tenant moved into the building in 1983. (Def. Mem., Ex. C, Decl. of Gregory Tumminia ¶ 3.) The equal accessibility requirements of the Fair Housing Act, then, are inapplicable to the claim. Further, the reasonable accommodations provision is applicable only when the tenant makes the modifications themselves. Ernst has not alleged facts that he made modifications himself, and has not alleged that Defendants have refused to allow him to make modifications to the dwelling. Accordingly, Ernst has failed to establish jurisdiction on these claims. I recommend that Defendants' Motion to Dismiss the Fair Housing Act claim based on lack of subject matter jurisdiction be **GRANTED**.

>  d.  *Title II of the Americans with Disabilities Act Claim*

Ernst has alleged in his Second Amended Complaint that Defendants have also violated Title II of the Americans with Disabilities Act ("ADA"), which provides that no disabled individual shall "be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination." 42 U.S.C. § 12132 (Second Am. Compl. at 7.) Under the ADA, public entities include "(A) a State or local government; (B) any department, agency, special purpose district, or other municipality of a State or States or local government; and (C) the National Railroad Passenger Corporation . . ." *Id.* Defendants are private individuals or corporations and, as noted above, they do not receive federal financial assistance. They are not therefore within the ADA's definition of a "public

6

entity" and are not under the ambit of Title II of the ADA. I recommend that the Defendants'
Motion to Dismiss the ADA claim based on lack of subject matter jurisdiction be **GRANTED**.

### 2.  This Court Lacks Jurisdiction Over Ernst's State and Local Law Claims

Where a case is properly before a federal district court on the basis of federal question

jurisdiction, the court has supplemental jurisdiction over "all other claims that are so related to

the claims in the action within such original jurisdiction that they form part of the same case or

controversy." 28 U.S.C. § 1367(a). However, a district court "may decline to exercise

supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed

all claims over which it has original jurisdiction [.]" *Id.,* § 1367(c)(3). "The Second Circuit has

observed . . . that 'in the usual case in which all federal-law claims are eliminated before trial, the

balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the

remaining state-law claims.' " *Milano v. N.Y. City Taxi & Limousine Comm'n,* 2007 U.S. Dist.

LEXIS 25238, at *7 (S.D.N.Y. March 26, 2007), citing *Valencia ex rel. Franco v. Lee,* 316 F.3d

299, 305 (2d Cir. 2003) ("In other cases . . . where the federal claims ha[ve] been dismissed at a

relatively early stage . . . we have concluded that the exercise of supplemental or pendent

jurisdiction was an abuse of discretion.")

Ernst claims several violations of New York State and New York City Law in his Second

Amended Complaint. (Second Am. Compl. at 8-10.)   If this Report and Recommendation is

adopted, it will dispose of all federal claims before trial.   Accordingly, to the extent that there

are any state law claims to be construed from Ernst's complaint, I recommend that the Court

decline to exercise supplemental jurisdiction over such claims. *See Milano,* 2007 U.S. Dist.

LEXIS 25238, at *7; *Valencia,* 316 F.3d at 305.

## IV. CONCLUSION

In conclusion, I recommend that Defendants' Motion to Dismiss be **GRANTED**.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 735, and to the chambers of the undersigned, 500 Pearl Street, Room 1970.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 U.S. 140, 150 (1985); *Small v. Sec'y Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed R Civ. P. 72, 6(a), 6(d).

**Dated: March 14, 2012**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**