UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOHN R. ERNST,                                     :
                                                   :
              Plaintiff,                           :     11 Civ. 1169 (PAC) (RLE)
                                                   :
       -against-                                   :     ORDER ADOPTING R&R
                                                   :
GATEWAY PLAZA MANAGEMENT                           :
CORP., et al.,                                     :
                                                   :
              Defendants.                          :
-------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 25, 2012

HONORABLE PAUL A. CROTTY, United States District Judge:

    Pro se plaintiff John R. Ernst ("Ernst") is a U.S. Marine Corps Veteran amputee who is confined to a wheelchair; he claims that various areas of his apartment and the apartment complex are inaccessible to him because of his disability. Ernst seeks relief against defendants Gateway Plaza Management Corp. and Marina Towers Associated, L.P. ("Defendants"), the owners and managers of his apartment complex, for violations of: Section 504 of the Rehabilitation Act, 42 U.S.C. §§ 1983 and 1985; the Fifth and Fourteenth Amendments of the United States Constitution; Title VI of the Civil Rights Act of 1964; Title VIII of the Civil Rights Act of 1968; and "state and/or local statutes and ordinances, public policy and other claims under the United States or New York Constitutions." (Am. Compl. 9.)

    Defendants move, under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss Ernst's amended complaint for lack of subject matter jurisdiction and failure to state a claim. Defendants argue that all statutory requirements of handicap accessibility are (1) contingent upon receiving federal funds—of which they receive none—or (2) contingent on being constructed after 1991, but their buildings were constructed and occupied in 1983. Ernst claims that these arguments are more than "ultra technical," but they do set forth accurately the legal requirements which preclude Defendant's duty to comply.

1

On March 14, 2012, Magistrate Judge Ronald L. Ellis issued a Report and Recommendation ("R&R"), recommending that the Court grant Defendants' motion. On March 27, 2012, this Court terminated the motions to dismiss, subject to reinstatement upon the filing of any objections to the R&R. No objections have since been filed.

For the reasons that follow, the Court adopts Magistrate Judge Ellis's recommendations. Defendants' motion to dismiss is, therefore, GRANTED.

## I.     Procedural History

On February 14 and July 16, 2011, Ernst filed his initial and amended complaints, respectively. Ernst has also filed:  a motion for Preliminary Injunction or Temporary Restraining Order ("TRO") on June 16, 2011; a motion for Declaratory Judgment on November 3, 2011; and a motion to file a second amended complaint on September 29 and again on November 3, 2011.[1] On August 12, 2011, Defendants moved to dismiss the amended complaint; Defendants later opposed Ernst's request to file a second amended complaint. On March 14, 2012, Magistrate Judge Ellis issued a R&R recommending that the Court grant Defendants' motion.

## II.    Magistrate Judge Ellis's R&R

Magistrate Judge Ellis recommended that the Court dismiss Ernst's federal claims—including the proposed claims in the second amended complaint—for lack of subject matter jurisdiction, and decline to exercise supplemental jurisdiction over Ernst's state law claims.

   A. *Lack of Subject Matter Jurisdiction*

While Section 504 of the Rehabilitation Act and Title VI of the Civil Rights Act of 1965 both suggest that Ernst may have a remedy, they are limited to "program[s] or activit[ies] receiving federal financial assistance." 29 U.S.C. § 794(a); 42 U.S.C. § 2000d. Defendants did not receive any federal financial assistance. Accordingly, Magistrate Judge Ellis determined that this Court does not have

---

[1] Magistrate Judge Ellis held a hearing on Ernst's motion for a preliminary injunction and TRO, and determined that a TRO was unwarranted. See R&R 2 n.2.

subject matter jurisdiction over Ernst's Title VI claim, Section 504 claim and related § 1983 and § 1985 claims, and his constitutional claims.  (R&R 5.)

Title VII of the Civil Rights Act (Fair Housing Act) mandates that public areas of buildings must be accessible to all tenants, but that applies only to buildings occupied after March 31, 1991.  42 U.S.C. § 3604(f)(3)(C).  Magistrate Judge Ellis found that Gateway Plaza was available for first occupancy in 1982, and the first tenant moved into the building in 1983.  (R&R 6.)  Accordingly, Title VII of the Civil Rights Act does not apply to Defendants, and the Court does not have subject matter jurisdiction over such claims.  (Id.)  Another provision of the Fair Housing Act that may apply, 42 U.S.C. § 3604(f)(3)(A), prohibits a landlord from disallowing a disabled person to make "reasonable modifications" to the dwelling at the disabled individual's expense when the modifications may further the tenant's full enjoyment of the premise.  Ernst, however, has not alleged that he made any modifications, or that Defendants refused any such request.  (R&R 5-6.)

In his proposed second amended complaint, Ernst seeks to raise a claim under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, which states that no disabled individual shall "be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or subjected to discrimination."  This provision is also limited to "public entities," which does not include Defendants, who are private individuals and corporations that do not receive federal financial assistance.  (R&R 6.)  Accordingly, Magistrate Judge Ellis determined that the Court lacked subject matter jurisdiction over Ernst's proposed ADA claim.

 B. *Lack of Jurisdiction Over State and Local Law Claims*

"[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well," based on considerations of judicial economy, convenience, fairness, and comity.  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) (quoting Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  Magistrate Judge Ellis recommended that the Court decline to exercise supplemental jurisdiction over any state law claims.  (R&R 7.)

In sum, Magistrate Judge Ellis recommended that Court grant Defendants' motion to dismiss for lack of subject matter jurisdiction, decline to exercise supplemental jurisdiction over the state law claims, and dismiss the case in its entirety.

## DISCUSSION

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The district court may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record." Feehan v. Feehan, No. 09 Civ. 7016 (DAB), 2001 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011). Where a party makes a timely "specific written objection," the district court is obligated to review the contested issues *de novo*. Greene v. WCI Holdings Corp., 956 F. Supp 509, 513 (S.D.N.Y 1997).

Ernst has not filed any objections to the R&R. The Court has reviewed Magistrate Judge Ellis's R&R for clear error and finds none. Accordingly, the Court adopts the R&R in its entirety.

## CONCLUSION

For the foregoing reasons, the Court adopts the R&R. The Court therefore dismisses Ernst's federal claims for lack of subject matter jurisdiction, and dismisses his state law claims without prejudice, so that such claims can be raised in state court. Any outstanding motions on the docket should be terminated. The Clerk of the Court is directed to enter judgment and close this case.

Dated: New York, New York
April 25, 2012

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copies to:
John R. Ernst
375 South End Ave
Gateway Plaza Complex
Apt# 14-P
New York, NY 10280

4